IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION AT MEMPHIS, TENNESSEE

_____

**TWANDA HALL TATE ,**

   **Plaintiff,**

                                                                                   **No. _____**

**METHODIST HEALTHCARE HOSPITAL
MEMPHIS, INC.,**

   **Defendant.**

_____

## COMPLAINT FOR DAMAGES
_____

COMES NOW the Plaintiff, Twanda Hall, by and through her counsel of record and for a cause of action would show to the Court as follows:

**I.**

**PRELIMINARY STATEMENT**

1.    This is an action brought pursuant to Title VII of the Civil Rights Act of 1964, as amended 1991 *et. seq.,* 42 U.S.C. § 2000e *et seq.,* the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981, the Tennessee Human Rights Act, § 4-21-701, and the Tennessee common law including punitive damages resulting from discrimination based on race and disability.

## II.

## JURISDICTION and VENUE

2. Jurisdiction of this action is invoked pursuant to 28 U.S.C. § 1331 and § 1343. This is an action authorized by and filed pursuant to 42 U.S.C. § 2000e and 42 U.S.C. § 1981. Plaintiff invokes this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to consider the state law claims because those claims arise out of the same facts and circumstances as the federal claims.

3. The unlawful employment practices and other actionable conduct is and continues to be committed within the jurisdiction of the United States District Court for the Western District of Tennessee, Western Division at Memphis, Tennessee.

## III.

## PARTIES

4. The Plaintiff, Twanda Tate is currently a black female resident of Memphis, Tennessee.

**5.** The Defendant, Methodist Healthcare Memphis Hospital is a health care facility (hereinafter "Methodist") located primarily at 1265 Union Avenue. Methodist can be served with process through its registered agent Lynn Flynn at 1211 Union Avenue, Suite 700, Memphis, Tennessee 38104.

## IV.

## CAUSE OF ACTION

6. The allegations set forth in Paragraphs 1 through 5 of this Complaint are incorporated herein by reference.

7. Ms. Tate worked from November 2011 until February 17, 2012 as a Security Guard and worked without incident until January 31, 2012 when she was asked to attend training for her security guard position.

8. Ms. Tate has asthma and advised her employer that she could not be pepper sprayed which she had been advised was part of the training.

9. Ms. Tate provided the Employer a note from the doctor advising that she could not be pepper sprayed due to her asthma condition.

10. Ms. Tate disputes any contention that the pepper spray was integral to the training as two (2) older white males (Fred Howard and Bill Byrd) were allowed to refuse to be peppered sprayed as a part of the training.

11. The white security guards not only refused to be pepper sprayed but were allowed to skip the second part of the two (2) day training. Plaintiff witnessed Howard and Byrd be excused from training and return to work.

12. The Plaintiff successfully completed the training and then one (1) week later she was told that she was being terminated for "failing to meet job standards and expectations of performance during conditional period."

13. The Plaintiff believes that she was discriminated against based on her race and the disability of her asthmatic condition.  The accommodation sought by the Plaintiff was to not be subjected to the pepper spray and said accommodation was denied by the Defendant.

14. However, during her employment the Plaintiff was also chastised about expressing her religious views publicly. The Plaintiff advised that she did in fact encourage people in a religious fashion but only during her breaks and it occurred on an infrequent basis.

15. The Plaintiff was told by another Supervisor, Kevin Hughes (Acting Supervisor/Trainer) that she talked about "God too much."

16. The Plaintiff complained about this treatment to Deborah Sharp, Plaintiff's first line supervisor but nothing was done. Shortly, after this complaint the Plaintiff was fired.

17. Plaintiff filed an EEOC Charge on or about March 15, 2012 and at the time of filing of the instant action a Right to Sue Notice was requested however it had not yet been received.

18. Plaintiff has yet to become employed on a full time basis and has suffered damages of more than $75,000.00.

19. As a direct and proximate result of the Defendant's actions, the Plaintiff has suffered the injuries complained of herein.

## COUNT ONE:

## RACE DISCRIMINATION

20. Plaintiff incorporates by reference all allegations contained in paragraphs 1-22 of this Complaint as though fully set forth here.

21. Since at least 2011, Defendant has engaged in unlawful employment practices in violation of Title VII and the THRA.

22. Plaintiff was improperly forced to endure training that white employees in the same position were excused from without any explanation as to why white employees skipped the pepper spray portion of the training and she was initially not allowed the same treatment.

23. Plaintiff was forced to train longer than similarly situated white employees in the same position who were allowed to skip a portion of the (2) two day training altogether whereas the Plaintiff was told that she must attend all aspects of the (2) two day training.

24. These actions are in violation of the law of the state of Tennessee and of the United States.

## COUNT TWO:

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AND OUTRAGEOUS CONDUCT

25. Plaintiff incorporates by reference all allegations contained in paragraphs 1-26 of this Complaint as though fully set forth here.

26. The foregoing acts of Defendant including but not limited to the discrimination against the Plaintiff based on race and are intentional and/or reckless are so outrageous so as not to be tolerated by civilized society, and resulted in serious mental injury to Plaintiff.

27. As a direct and proximate result of Defendant's outrageous and intentional infliction of emotional distress, Plaintiff has suffered damages.

## COUNT THREE:

## DISABILITY DISCRIMINATION

28. Since January 2011 and continuing to the present the Defendant has engaged in unlawful employment practices in violation of the Section 107(a) of the ADA, 42 U.S.C. Section 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1),(3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981A. The unlawful practices include, but are not limited to:

   a. refusing to provide reasonable accommodations necessary for Twanda Tatewho is suffering from asthma to enjoy equal benefits and privileges of employment, such as consistent scheduling for work, and consistent training requirements of all employees within the job classification of the Plaintiff:

   b. opposing acts and practices made unlawful by the ADA and under Title VII of the Civil Rights Act of 1964.

29. The effect of the practices complained of above has been to deprive Twanda Hall, a qualified individual with a disability, of equal employment opportunities and otherwise adversely affect her status as an employee, because of her disability and because of her participation in statutorily protected activities.

## COUNT FOUR:

## RETALIATION

30. Plaintiff incorporates by reference all allegations in the preceding paragraphs of this Complaint as fully set forth here.

31. Plaintiff after pursuing her right to engage in protected activity by filing internal requests for accommodations and complaints about her using religious encouragement in the workplace, the Plaintiff was fired by the Defendant.

32. Plaintiff contends that the acts as described above amount to unlawful retaliation for her protected activity of complaints of discriminatory treatment. Plaintiff contends that she has been adversely affected by the decision force her to participate in training without accommodations.

33. Plaintiff further contends that she was ultimately forced from her position as a security guard after her complaints about her treatment and said acts amount to illegal retaliatory conduct as well as improper retaliatory discharge on the part of the Defendant under the state and federal laws.

## V.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff having suffered damages of loss of back pay and front pay, having suffered severe emotional distress and incurred medical expenses, Plaintiff demands the following relief against Defendant:

A. That judgment be entered in favor of the Plaintiff against Defendant, Methodist Hospital for compensatory damages under Title VII in the amount of $300,000.00.

C. That judgment be entered in favor of the Plaintiff against the Defendant, Methodist Hospital for compensatory damages under the THRA and 42 U.S.C. §1981 in the amount of $500,000.00.

D. That judgment be entered in favor of the Plaintiff against the Defendant, Methodist Hospital for the tort of outrageous conduct and intentional infliction of emotional distress in the amount of $100,000.00.

E. That judgment be entered in favor of the Plaintiff against the Defendant for punitive damages in the amount of $100,000.00.

F. That Plaintiff be awarded her reasonable attorneys fees together with cost and disbursements.

G. Award the Plaintiff prejudgment and post judgment interest on all awards herein.

H. That Plaintiff be awarded any such further equitable relief to which she may be entitled.

Respectfully submitted,

JOHNSON AND BROWN, P.C.

/s/Florence M. Johnson
FLORENCE M. JOHNSON #15499
ATTORNEY AT LAW
11 SOUTH IDLEWILD STREET
Memphis, Tennessee 38104
(901) 725-7520 Telephone
(901) 725-7570  Facsimile
fjraines@johnson andbrownlaw.com

9